IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

UNITED STATES OF AMERICA

v.                                      CRIMINAL NO. 5:97-00069

GREGORY ALLEN STOVER

<u>MEMORANDUM OPINION AND ORDER</u>

Before the court is defendant's "Motion for a Short Furlough to Permit Defendant to Attend His Fathers' [sic] Funeral." ECF No. 129. Defendant is currently in the custody of the Bureau of Prisons (BOP) serving a 24-month term of imprisonment for violating the terms of his supervised release. The motion states that defendant's father passed away on June 15, 2018 and requests that defendant be allowed to "take a bus from Waymart. Pa., where he is imprisoned in USP Canaan, as soon as practical and return by bus on Thursday, June 21, 2018." <u>Id.</u> Counsel for defendant communicated with the court that the government opposes the motion.

As this court has noted in a previous case,

"There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." <u>Greenholtz v. Inmates of Neb. Penal and Corr. Complex</u>, 442 U.S. 1, 7, 99 S. Ct. 2100, 2103-04, 60 L. Ed. 2d 668 (1979); <u>see also</u>, <u>Meachum v. Fano</u>, 427 U.S. 215, 225, 96 S. Ct. 2532, 2539, 49 L. Ed. 2d 451 (1976) ("[G]iven a valid conviction, the criminal defendant has been constitutionally deprived of his liberty."). Title 18

U.S.C. § 3622, however, authorizes the BOP to grant furloughs. Specifically, 18 U.S.C. § 3622 provides as follows:

> The Bureau of Prisons may release a prisoner from the place of his imprisonment for a limited period if such release appears to be consistent with the purpose for which the sentence was imposed and any pertinent policy statement issued by the Sentencing Commission pursuant to 28 U.S.C. § 994(a)(2), if such release otherwise appears to be consistent with the public interest and if there is reasonable cause to believe that a prisoner will honor the trust to be imposed in him, by authorizing him under prescribed conditions, to—
>
> (a) visit a designated place for a period not to exceed thirty days, and then return to the same or another facility, for the purpose of—
>
>> (1) visiting a relative who is dying;
>>
>> (2) attending a funeral of a relative; . . .

18 U.S.C § 3622(a)(1). Additionally, 28 C.F.R. § 570.33 provides that "[t]he Warden or designee may authorize a furlough, for 30 calendar days or less, for an inmate to: . . . (b) Be present during a crisis in the immediate family, or in other urgent situations." 28 C.F.R. § 570.33(b). The plain language of 18 U.S.C. § 3622 gives the BOP exclusive authority to determine whether a federal prisoner should be granted a furlough. See United States v. Premachandra, 78 F.3d 589 (8th Cir. 1996) (per curiam) ("18 U.S.C. § 3622 vests authority to grant medical furloughs with the Bureau of Prisons (BOP), not the federal courts").

Jones v. Johson, Civil Action No. 1:16-06718, 2017 WL 959739, *2

(S.D.W. Va. Jan. 19, 2017) (Proposed Findings and Recommendation

adopted by district court at 2017 WL 960025); see also United States v. Padilla, No. CR 09-3598 JB, 2012 WL 2175749, *3 (D.N.M. May 31, 2012) ("Congress has expressly provided that the BOP has authority to grant furloughs and has not vested such authority with the courts."); United States v. Watson, No. 2:07cr145, 2009 WL 1370915 (M.D. Ala. May 14, 2009) ("No language in the statute grants district courts the authority to order or approve a furlough request."). As these authorities make clear, defendant's request should have been submitted to the BOP.

Based on the foregoing, the court lacks authority to grant defendant a furlough and, therefore, his motion is **DENIED**.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record, the United States Marshal for the Southern District of West Virginia, and the Probation Office of this court.

**IT IS SO ORDERED** this 19th day of June 2018.

ENTER:

David A. Faber

David A. Faber
Senior United States District Judge

3